BEFORE THE THIRD DIVISION

DATED FEBRUARY 11, 1965

No. 69074.—Salvador Rosa v. United States, protest 63/19487 (San Juan).—

The following memorandum accompanied the order granting plaintiff's motion to dismiss the protest.

RICHARDSON, Judge: This case was forwarded to the Customs Court by the collector of customs at the port of San Juan, Puerto Rico, on the basis of a letter, dated May 13, 1963, and stamped received May 22, 1963, which the collector considered to be a protest under 19 U.S.C.A., section 1520(c)(1) (Tariff Act of 1930, section 520(c)(1)).

David Busby, an attorney in the firm of Busby and Rivkin, states in an affidavit that his firm represents the importer, that the letter of May 13, 1963, was not intended to be and is not, in fact, a protest, and moves to dismiss the "protest" on the ground that the same was improperly forwarded to the court by the collector.

The Government has filed a "Notice" that it will not oppose the motion for an order dismissing as a protest the letter, dated May 13, 1963, as it does not consider said letter to constitute a protest.

Upon review of the motion, the supporting affidavit, the "Notice" of Government counsel, the purported protest, and all the other papers transmitted by the collector, the court finds and holds that neither the importer, nor any person authorized or not authorized to act for the importer, has filed any protest in the sense of sections 514 and 515, Tariff Act of 1930. The letter of May 13, 1963, is an application for relief under section 520(c)(1), is not a protest, was not intended as a protest, and could not have reasonably been taken for a protest. The papers do not reflect any decision respecting relief under section 520(c)(1) *before* May 13, 1963, and, by express provision of section 514, a protest may not anticipate any decision to be made later on. Therefore, the collector acted without authority of law in characterizing the letter as a protest and in transmitting it to this court in purported compliance with statutory procedures for protests. If the collector was uncertain what to do, the law prescribes where, rather than to this court, he should turn for instructions. Section 502, Tariff Act of 1930, T.D. 53654. We hope the collector has instituted measures to prevent a repetition of the procedure taken in this case. Obviously, such unauthorized transmission cannot confer any jurisdiction on us. Nor, after transfer, is jurisdiction enlarged by the representations of counsel. We cannot pass on the merits of any case when we have no jurisdiction. Therefore, we dismiss the action without prejudice to whatever further proceedings officers, if any, having authority in the premises, may decide upon, and plaintiff's remaining prayers must be denied. It is

ORDERED that this action be dismissed without prejudice and that the papers herein be returned to the collector of customs.